IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

JONATHAN P. JORDAN and CAREN JORDAN,

Plaintiff,

vs. CASE NO.:

NATIONSTAR MORTAGE, LLC,

Defendants. **CLASS REPRESENTATION**

_______________________________________/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW, Plaintiffs, JONATHAN P. JORDAN and CAREN JORDAN (hereafter the "Plaintiffs"), by and through undersigned counsel, and sue Defendant, NATIONSTAR MORTGAGE, LLC (hereafter "Nationstar"), and in support thereof state as follows:

**PRELIMINARY STATEMENT**

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and Florida Statute § 701.04(2).

2. This is a class action for statutory and punitive damages, costs of litigation, and attorney's fees pursuant to the FCRA.

3. This is a class action seeking affirmative injunctive relief, costs of litigation, and attorney's fees pursuant to Fla. Stat. § 701.04(2).

4. A substantial part of the acts or omissions giving rise to the claims asserted in this Complaint occurred within Hillsborough County, Florida.

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681(p) allowing for an action to be filed in any court of competent jurisdiction.

## PARTIES

6. Plaintiffs are residents of the State of Florida. They are "consumers" as defined by 15 U.S.C. § 1681a(c).

7. Nationstar is a foreign limited liability company that does business in the State of Florida, including Hillsborough County, Florida. Nationstar is regularly engaged in the business of servicing notes and mortgages on consumer single family homes.

## FACTS

8. Prior to November 10, 2011, Plaintiffs owned a single family home located at 5352 Southwick Drive, Tampa, Florida 33624 ("the Property"). To purchase the Property, Plaintiffs executed a note, which was secured by a mortgage against the Property. The mortgage was serviced by Nationstar.

9. In July of 2011, Plaintiffs sought permission from Nationstar to sell the Property in what is known as a "short sale." A short sale is a sale of real estate where the proceeds from the sale fall short of the balance owed under a note and mortgage and the lender forgives the balance of the loan. In order for a short sale to occur, the bank or servicer of the mortgage must approve the sale. A short sale, as compared to a foreclosure, is more beneficial to the seller of a home for a number of reasons and has less of a negative effect on a seller's credit score than a foreclosure. Plaintiffs intended to short sell the Property to avoid the negative credit effect of a foreclosure being reported to the credit reporting agencies.

10. In order to qualify for the short sale, Plaintiffs were required to comply with a short sale application process with Nationstar and secure Nationstar's approval for the short sale.

11.    Beginning in July, 2011, Plaintiffs submitted their request for short sale approval from Nationstar, and received the final approval for short sale from Nationstar on October 4, 2011. A copy of the Short Sale Approval Letter is attached hereto as Exhibit "A."

12.    At no time during the short sale application process was a foreclosure action initiated by Nationstar nor were the Plaintiffs advised that they were being considered for foreclosure. The Plaintiffs selected the short sale option in an effort to prevent foreclosure and to avoid the negative credit reporting associated with a foreclosure.

13.    On November 10, 2011, Plaintiffs sold the Property via short sale and all funds were transferred to Nationstar to satisfy in full the outstanding debt. A copy of the executed Settlement Statement (HUD-1) is attached hereto as Exhibit "B."

14.    Despite Nationstar's approval of Plaintiffs' short sale of the Property, its receipt of all short sale proceeds, the closing of the short sale, and the satisfaction of the mortgage, Nationstar knowingly thereafter falsely reported to credit reporting agencies that the Property was in foreclosure.

15.    In February of 2015, Plaintiffs contacted a mortgage lender to obtain prequalification to purchase another home. Unfortunately, Plaintiffs did not qualify for financing to purchase another home because Nationstar had reported the Property as having been "Previously in Foreclosure." This was the first time Plaintiffs learned Nationstar had falsely and knowingly reported the short sale of the property as a foreclosure to credit reporting agencies. A copy of the denial letter is attached hereto as Exhibit "C."

16.    The Property was never in foreclosure and a foreclosure claim or action was never filed by Nationstar against Plaintiffs.

17. Nationstar falsely reported to credit reporting agencies that the Property sold by Plaintiffs in 2011 was "previously in foreclosure." A copy of the credit report is attached hereto as Exhibit "D."

18. When Plaintiffs learned that Nationstar had falsely reported the Property as having been "Previously in Foreclosure," Plaintiffs requested Nationstar to remedy the false report. A copy of the letter is attached hereto as Exhibit "E."

19. Nationstar refused to do so and insisted that their "records indicate that this account was referred to foreclosure in October 2011." A copy of Nationstar's response letter is attached hereto as Exhibit "F."

20. Nationstar knew, or in the exercise of reasonable care should have known, that the Property was never in foreclosure. Despite this knowledge, Nationstar willfully failed to correctly report the results of Plaintiffs' sale of the Property to credit reporting agencies and has willfully failed to correct the reporting in response to Plaintiffs dispute.

21. Plaintiffs' credit reports continue to falsely reflect the Property sold in 2011 as "Previously in Foreclosure."

22. Additionally, Nationstar has not filed a satisfaction of mortgage since the sale of the Property in 2011 despite Plaintiffs satisfying all statutory conditions to require proper reporting of the satisfaction of the mortgage.

## CLASS REPRESENTATION ALLEGATIONS

23. When a debtor under a note and mortgage serviced by Nationstar fails to make timely payments on the note, Nationstar's practice and procedure is to report the property as a foreclosure to credit reporting agencies. Nationstar does this knowing that no foreclosure action has been instituted against the customer who is responsible for paying the note.

24. Nationstar, as the servicer of the debt, is aware, or reasonably should be, of whether or not a mortgage is in foreclosure when reporting the status of a consumer debt to credit reporting agencies.

25. Nationstar is also aware that reporting that a consumer's property is in foreclosure substantially affects the credit rating of its customer, the debtor.

26. Despite knowing its customer will be damaged by improperly reporting that their property is in foreclosure, Nationstar regularly reports all delinquent mortgages as foreclosures to credit reporting agencies in direct violation of Section 1681s-2 of the FRCA. Section 1681s-2(a)(1)(A) prohibits Nationstar from furnishing information to a consumer reporting agency that it knows or has reasonable cause to believe is inaccurate.

27. Common issues predominate when, as here, liability can be determined on a class wide basis, even where there will be some individualized damages and determinations.

28. There are questions of law and fact that are common to the Plaintiffs' and Class Members' claims. These common questions predominate over any question that goes particularly to any individual member of the Class. Among such common questions of law and fact are the following:

a. Whether Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

b. Whether Defendant violated the Florida Consumer Collection Practices Act, Florida Statute §§ 701.04 *et seq.*;

c. Whether Defendant had a uniform practice and procedure for reporting all properties with delinquent mortgages serviced by Nationstar as being in foreclosure to credit reporting agencies when no foreclosure was instituted on the property;

d. Whether Defendant reported mortgages as being in foreclosure when it knew no foreclosure action had been initiated on its customers' property;

    e. Whether Defendant negligently reported mortgages were in foreclosure when no foreclosure action had been initiated on its customers' property; and

f. Whether Defendant failed to correct its reporting error upon request of its customers who discovered a foreclosure was erroneously reported to credit reporting agencies.

29. When determining whether common questions predominate, courts focus on the liability issue, and, if the liability issue is common to the class, common questions will be held to predominate over individual questions. In this case, each proposed class member owned a property holding a mortgage serviced by Nationstar. At some point during the customers' ownership of the property a payment became past due, but a foreclosure action was not initiated on the property. Despite no foreclosure being initiated, Defendant falsely reported the property to be in foreclosure to the credit reporting agencies. Defendant's practice was uniform upon determining that payment on a mortgage was delinquent. There are uniform and statutory damages available to class members for the Defendant's knowing non-compliance with the FCRA.

30. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

31. Plaintiffs bring this action against Defendant pursuant to Florida Rule of Civil Procedure 1.220 on behalf of themselves and all others similarly situated. Plaintiffs seek to certify the following two classes:

1. **All individuals or entities on a mortgage serviced by Nationstar, who own or owned real property reported by Nationstar to credit reporting agencies as in foreclosure when, in fact, the property was not in foreclosure ("FCRA Class"); and**

2. **All individuals or entities who were responsible for a note**

> **and mortgage serviced by Nationstar, who subsequently satisfied all statutory conditions to require Nationstar to report the satisfaction of the mortgage, and, despite satisfying the mortgage, Nationstar failed to file a satisfaction of mortgage ("Injunction Class").**

32. Excluded from this class are Defendant, its affiliates, subsidiaries, agents, board members, directors, officers, and employees, and Plaintiffs' counsel.

33. Plaintiffs reserve the right to modify or amend the definitions of the proposed class before the Court determines whether certification is appropriate.

34. The individual class members are numerous and joinder of all members is impracticable. Defendant services notes and mortgages and reports the status of delinquent mortgages for thousands of customers to credit reporting agencies.

35. The individual class members are ascertainable because the names and addresses of all class members can be identified in the business records maintained by the Defendant. Plaintiffs do not anticipate any difficulties in the management of the action as a class action.

36. Plaintiffs are members of the Class. Plaintiffs' claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of the unlawful conduct of Defendant. Each class member has sustained and will continue to sustain damages in the same manner as Plaintiffs as a result of Defendant's wrongful conduct.

37. Plaintiffs are an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiffs are committed to vigorous prosecution of this action and have retained competent counsel, experienced in litigation of this nature, to represent them. There is no hostility between Plaintiffs and unnamed class members. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

38. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

a. Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions, yet if the action is not prosecuted, Defendant will continue its wrongful actions;

b. There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

c. The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

d. Individual suits would not be cost effective or economically maintainable as individual actions; and

e. The action is manageable as a class action.

**COUNT ONE**
**VIOLATION OF FCRA BY NATIONSTAR**
**(ON BEHALF OF THE "FCRA CLASS")**

39. Plaintiffs re-allege and incorporate the previous paragraphs as if fully stated herein.

40. Nationstar knowingly published the negative entries to credit reporting agencies.

41. Nationstar violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 by:

a. knowingly reporting that Plaintiffs' Property was in foreclosure when no foreclosure had been instituted on the Property;

b. failing to review the file to accurately report the status of Plaintiffs' mortgage to credit reporting agencies;

c. failing to correctly report results of an accurate investigation to every credit reporting agencies;

d. failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar Representations to the consumer reporting agencies; and

e. failing to fully and properly investigate the Plaintiffs' dispute of the Nationstar representation.

42. As a result of this conduct, action, and inaction of Nationstar, the Plaintiffs suffered damage by loss of credit and loss of the ability to purchase and benefit from credit.

43. Nationstar's conduct, action, and inaction was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

44. Plaintiffs are entitled to recover attorney's fees and costs from Nationstar in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**COUNT TWO**
**CLAIM FOR AFFIRMATIVE INJUNCTIVE RELIEF PURSUANT TO FLA. STAT. § 701.04(2)**
**(ON BEHALF OF THE "INJUNCTION CLASS')**

48. Plaintiffs re-allege and incorporate the preceding paragraphs as if stated fully herein.

49. Plaintiffs request affirmative injunctive relief against Nationstar requiring Defendant to file a satisfaction of the note and mortgage for Plaintiffs' Property.

50. On November 10, 2011, Plaintiffs paid the required funds to satisfy Nationstar's lien on the property with the proceeds of the short sale. Despite that fact, Nationstar failed to file the requisite satisfaction of the note and mortgage pursuant to Fla. Stat. 701.04(2).

51. Plaintiffs hereby request this Court to declare the Plaintiffs' mortgage satisfied and require Defendant to file the required documents to confirm satisfaction of the note and mortgage.

52. Plaintiffs are entitled to recover attorney's fees and costs from Nationstar in an amount to be determined by the Court pursuant to Fla. Stat. 701.04(2).

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues presented in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment for statutory and punitive damages against Defendant, for their attorneys' fees and costs, for pre-judgment and post-judgment interest at the legal rate, for injunctive relief, and such other relief the Court does deem just, equitable, and proper.

Dated: October 29, 2015            Respectfully submitted,

/s/ Jason Whittemore
**Jason Whittemore** (FL Bar No. 0037256)
Wagner McLaughlin, P.A.
601 Bayshore Boulevard, Suite 910
Tampa, FL 33606
Telephone: (813) 225-4000
Facsimile: (813) 225-4010
jason@wagnerlaw.com
**Attorneys for Plaintiffs**


/s/ Christopher W. Boss
**Christopher W. Boss**, Fla. Bar No.: 13183
BOSS LAW
Service Email: CPservice@protectyourfuture.com
9887 4th Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiffs**

Exhibit "A"

## DOCUMENTS REQUIRED 48 HOURS PRIOR TO CLOSING

Final unsigned HUD-1 uploaded to Equator at least 48 hours prior to closing for approval. You may upload the final unsigned HUD to Equator as soon as title has prepared it.

## DOCUMENTS REQUIRED DAY OF CLOSING

Once the closing has finished please complete the closing task in Equator and upload a copy of the signed fully executed HUD-1 and wire transfer receipt.

Notarized and executed promissory note should also be uploaded to Equator.

Original promissory note should be returned using the pre-paid return label that was provided to you.

*Per the approval letter, funds must be received by noon central standard time, no later than the date listed on the approval letter. Please schedule your closing ~~accordingly.~~

## CONTACT / ADDRESS

Nationstar Mortgage LLC
Document Acceptance
ATTN: Juston Oler / Jason Harrell
350 Highland Drive
Lewisville, TX 75067
Phone: 972.956.6202
Email: Jason.Harrell@Nationstarmail.com

Nationstar MORTGAGE
f/k/a
Centex Home Equity Company, LLC
350 Highland Dr.
Lewisville, TX 75067
Attn: Foreclosure Prevention

APPROVED PROPERTY SALE
October 4, 2011

RE: Loan #: [redacted]
Property address: 5352 SOUTHWICK DRIVE
TAMPA, FL 33624

Seller (s): CAREN & JONATHAN JORDAN

Nationstar Mortgage LLC f/k/a Centex Home Equity Company, LLC ("Nationstar Mortgage") approves the sale of the property contingent upon the following:

| | |
|---|---|
| Net proceeds to Nationstar Mortgage: | Not less than $82,000.00 |
| Funds from impound (if any): | To be applied to the deficiency |
| Payment date: | NOVEMBER 11, 2011 |

Nationstar Mortgage agrees to provide any documents necessary for release of mortgage after we receive the required funds. No funds are to be released to the seller/borrower unless included below as an approved closing cost.

The attached Promissory Note (if applicable) in the amount of $15,000.00 will need to be executed. The original signed Promissory Note must be forwarded to 350 Highland Dr. Lewisville, TX 75067 within 72 hours of closing.

Outlined below is a detailed accounting of the proposed distribution of the sales proceeds and the below closing costs should not exceed the given amount w/ out Nationstar approval:

| | |
|---|---|
| Gross Sales Price | $95,000.00 |
| Commissions | $5,700.00 |
| Total Closing Costs | $4,450.00 |
| Negotiated 2nd Lien Release (if applicable) | $0.00 |
| Cash Contribution (if applicable) | $0.00 |
| Seller Concessions (if applicable) | $2,850.00 |
| Relocation Fee | $0.00 |
| Extension Fee | $0.00 |

Final HUD must be approved 1 business day prior to closing

Payment will only be accepted by *certified funds* for the entire amount listed above to the appropriate address listed below. In the event that we do not receive the entire amount due, in immediately available funds, on or before NOVEMBER 11, 2011 by 12 noon (CST), this pre - approved property sale offer will terminate and be of no force and effect. Please upload the executed final settlement statement, wire confirmation and complete final tasks via Equator.com. Please be advised that if a foreclosure sale is pending, the foreclosure sale date will not be postponed to allow this short sale closing.

Regards,

JUSTON OLER
Foreclosure Prevention Manager
Ph: 866-312-2432 x 6202

PAYOFF FUNDS MUST BE REMITTED USING CERTIFIED FUNDS OR BY WIRE TRANSFER ONLY. If using wire transfer, forward to: JP Morgan Chase, Routing #111000614, for credit to Nationstar Mortgage Payment Clearing Account #1563367653. If mailing certified funds, make payable to Nationstar Mortgage LLC and forward to the address listed at the top of page. Funds received after 3:00pm Central Time may be posted on the following business day. Please include the Mortgagor's Loan Number on all correspondence. Loan number and Borrower name must be attached to wire. Note: All short sales of loans that have mortgage insurance coverage are subject to mortgage insurer approval.

***IMPORTANT NOTICE***

We reserve the right to adjust any portion of this statement at any time for one or more of the following reasons, but not limited to: recent advances, returned items, additional fees or charges, disbursements made on your behalf, scheduled payment(s) from an escrow account, transfer of servicing and/or inadvertent clerical errors. This payoff estimate does not waive our rights to collect any funds which become due on this account as a result of any subsequent adjustments.
Additionally, Nationstar Mortgage LLC will not provide reconveyance or release of the Security Instrument until the net proceeds and all other items required above have been received.

From: (813) 476-5050 Origin ID: TPFA
CAREN JORDAN

5352 SOUTHWICK DRIVE

TAMPA, FL 33624

FedEx. Express

E

J11201108060225

Ship Date: 04OCT11
ActWgt: 0.5 LB
CAD: 101320254/INET3180

Delivery Address Bar Code

SHIP TO: (469) 549-2291 BILL SENDER
Juston Oler (Document Acceptance)
Nationstar Mortgage
350 HIGHLAND DR

LEWISVILLE, TX 75067

Ref # JHARRELL

RMA #:
Return Reason:

RETURNS MON-FRI
** 2DAY **

TRK# 7952 5758 2383
0221

75067
TX-US

50FG1/A013/F5F4

1. Select the 'Print' button to print 1 copy of each label.
2. The Return Shipment Instructions, which provide your recipient with information on the returns process, will be printed with the label(s).

3. After printing, select your next step by clicking one of the displayed buttons.

Note:To review or print individual labels, select the Label button under each label image above.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

 PMI Mortgage Insurance Co.
PMI Insurance Co.
PMI Mortgage Assurance Co.
3003 Oak Road, Walnut Creek, CA 94597-2098
Tel: (800) 685-4764
Tel: (925) 658-7878
Fax: (888) 305-2956

September 30, 2011

PMI PROMISSORY NOTE INSTRUCTIONS:

- ☐ Include Borrower's **NEW MAILING** address (page 4 of 8).
- ☐ Promissory Note to be **SIGNED** by the borrower at closing (page 5 of 8).
- ☐ Promissory Note to be **NOTARIZED** (page 5 of 8).
- ☐ Keep a copy of the note for your records, and overnight the original to:

PMI Mortgage Insurance Co.
Attention: Subrogation Department
3003 Oak Road
Walnut Creek, CA 94597

***Please note we do not accept photocopies***

If you have any questions please feel free to give us a call at (800) 685-4764.

Thank You

PMI

PROMISSORY NOTE

| CREDITOR: PMI Mortgage Insurance Co. 3003 Oak Rd. Walnut Creek, CA 94597 (800) 685-4764 | BORROWER(S): | CAREN D JORDAN, JONATHAN JORDAN |
|---|---|---|
| | PMI Certificate Number: | 38398466 |

**PROMISE TO PAY.**
In consideration of PMI's advance of Fifteen Thousand dollars and Zero cents ($15,000.00), (the "Principal Sum") to or on behalf of Borrower, Borrower hereby promises to repay the Principal Sum to the order of PMI at it's address set forth herein or such other address as PMI may designate, according to the following schedule:

| | | | | |
|---|---|---|---|---|
| 83 | monthly payments of | $178.57 | each, beginning on | 03/01/2012 |
| 1 | monthly payment of | $178.69 | ending on | 02/01/2019 |

Each payment will be due on the 1st day of each month. The final payment from Borrower shall be due on February 1st, 2019 (the "Maturity Date") and shall consist of the then remaining unpaid principal balance.

**INTEREST ACCRUAL.**

**a. Ordinary Interest.**
The Principal Sum shall bear interest at the annual rate of zero percent (0.00 %), which corresponds to a daily accrual rate of zero (0.00%) unless and except as set forth below.

**b. Default Interest.**
Notwithstanding the foregoing, Borrower agrees that in the event of a Default, as set forth herein, the then current unpaid principal balance will bear interest which shall accrue at the rate of ten percent (10%) per ~~annum of the then outstanding unpaid principal balance, or such lesser rate as limited by law. Interest accrual~~ will commence on the first business day following the Maturity Date.

**c. Accrual.**
Interest shall accrue and be compounded daily, as a fraction of the corresponding annual accrual rate.

**PREPAYMENT.** Borrower may prepay this Note in full or in part at any time without penalty. Partial prepayments shall be applied to the last-scheduled installments in reverse chronological order, starting with the final scheduled monthly installment. Prepayment of any amount shall not alter the Borrower's obligation to pay any installment when due, in the amount specified, as set forth above, unless such Prepayment satisfies the then unpaid principal balance remaining due.

PROMISSORY NOTE

BORROWER'S DEFAULT.

A. The following events constitute a Default:

i. The Borrower fails to make any scheduled payment within fifteen (15) days after the payment due date; or
ii. PMI becomes aware that the Borrower misrepresented information or falsified documents which were material to PMI's decision to enter into this Agreement; or
iii. The Borrower dies, becomes insolvent, files for bankruptcy protection or is legally unable to manage their own affairs; or
iv. The Borrower fails to repay all amounts due by the Maturity Date; or
v. The Borrower violates any provision of this Note; or
vi. The Borrower sells or disposes of the collateral, if any, securing this Note.

REMEDIES. Upon Borrower's Default, PMI may, at its option and as permitted by applicable law, accelerate this Note and declare the entire unpaid principal balance then outstanding, immediately due and payable. Upon so doing, the Maturity Date shall become the date of such Default, notwithstanding any provision to the contrary, contained herein. PMI may seek any remedy at law or in equity to which it is entitled upon Borrower's Default. Borrower agrees to reimburse PMI for all legal and administrative costs or fees incurred by PMI (including allocated costs and expenses of in-house attorneys and staff) to enforce, or collect amounts due under this Note, which result from Borrower's Default, whether or not any legal proceeding is commenced hereunder.

WAIVERS. Borrower waives demand and presentment for payment, notice of non-payment or dishonor, notice of protest and protest of this Note and agrees that its liability hereunder shall not be affected by any renewals, amendments or modifications of this Note, or extensions of the time of payment of all or any part of the amount owing hereunder at time or times.

JOINT AND SEVERAL LIABILITY. If more than one person is obligated on this Note, their obligations and agreements under this Note shall be joint and several. Reference in this Note to "Borrower" shall include all persons who sign this Note.

CREDIT REPORTS. The Borrower authorizes PMI to periodically obtain credit reports. PMI will be responsible for the cost of the reports.

MODIFICATION. This Agreement embodies the entire agreement and understanding of the parties hereto and supersedes any and all prior agreements, arrangements and undertakings relating to the matters provided for herein. No provision of this Note shall be modified or limited except by a written agreement signed by both parties to this Note. This Note shall be governed by the laws of the State of California without reference to conflicts of laws provisions thereof which, but for this provision, would require the application of the law of any other jurisdiction.

PRE-PAYMENT DISCOUNT. At any time prior to the Maturity Date, the Borrower may satisfy this Note in full by paying eighty-five percent (85%) of the then unpaid principal balance in a single lump sum which exceeds the amount of the then next scheduled installment due under the Note, in certified funds.



PMI
PROMISSORY NOTE

WAIVER OF ANTI-DEFICIENCY AND ONE-ACTION LAWS. Borrower expressly and irrevocably waives and renounces and agrees not to plead or assert, any rights, privileges, benefits and defenses that may be available to Borrower under the laws of the State of California or any similar law in any jurisdiction for protection from the recovery of a deficiency or from the bringing of an action for the recovery of a debt, including without limitation, any and all rights Borrower may have under, arising out of or based on California Code of Civil Procedure sections 580a, 580b, 580d or 726, as the same may be in effect from time to time. Borrower acknowledges having had an opportunity to consult with an attorney concerning this waiver before signing this Note and has either done so, or knowingly decided not to do so. Borrower now grants this waiver voluntarily with the intent of fully and finally extinguishing Borrower's rights under the anti-deficiency and one-action laws described in this paragraph, to the extent that such laws could be applied to limit enforcement of this Note.

CHANGE OF ADDRESS. Borrower shall notify PMI at the address listed herein, of any change of address within thirty (30) days of such change.

NOTICES. All notices shall be considered received when mailed via registered first class mail or private express courier service, and sent to the following address:

| If to PMI:<br>PMI Mortgage Insurance Co.<br>Attn: Subrogation Department<br>3003 Oak Rd.<br>Walnut Creek, CA 94597 | If to Borrower:<br>CAREN D JORDAN |
|---|---|

NON-WAIVER. PMI, in its sole discretion, may assert or refuse to assert any right granted to it in this Note. Any forbearance or failure, refusal or delay in assertion of any right under this Note by PMI shall not constitute a waiver of such right.

SEVERABILITY. If it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) that any term or provision hereof is invalid or unenforceable, (i) the remaining terms and provisions hereof shall be unimpaired and shall remain in full force and effect and (ii) the invalid or unenforceable provision or term shall be replaced by a term or provision that is valid and enforceable and that comes nearest to the intent of such invalid or unenforceable term or provision.

COUNTERPARTS. For the convenience of the parties, any number of counterparts of this Agreement may be executed by the parties hereto. Each such counterpart shall be, and shall be deemed to be, an original instrument, but all such counterparts taken together shall constitute one and the same Agreement.

ASSIGNMENT and DELEGATION. PMI may sell, transfer or assign its rights under this Note upon providing notice to Borrower. Borrower may not delegate any obligation under this Note to any third party, without prior written consent from PMI.

| PMI | PROMISSORY NOTE |
|---|---|

| | | |
|---|---|---|
| Name: | | Name: |
| Date: | | Date: |
| Notary Seal (required): | | Notary Seal (required): |

PMI

## TRUTH IN LENDING DISCLOSURE

| PMI Mortgage Insurance Co.<br>3003 Oak Rd.<br>Walnut Creek, CA 94597<br>(800) 685-4764 | BORROWER(S): | CAREN D JORDAN,<br>JONATHAN JORDAN |
|---|---|---|
| | PMI Certificate Number: | 38398466 |

| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. | **FINANCE CHARGE** The dollar amount the credit will cost you (assuming you do not default on this loan). | **Amount Financed** The amount of credit provided to you or on your behalf. | **Total of Payments** The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 0.00 % | $ 0.00 | $ 15,000.00 | $ 15,000.00 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 83 | $178.57 | 1st of each month beginning 03/01/2012 |
| 1 | $178.69 | Final payment due on 02/01/2019 |

| PMI | TRUTH IN LENDING DISCLOSURE | |
|---|---|---|
| PMI Mortgage Insurance Co.<br>3003 Oak Rd.<br>Walnut Creek, CA 94597<br>(800) 685-4764 | **BORROWER(S):** | CAREN D JORDAN,<br>JONATHAN JORDAN |
| | PMI Certificate Number: | 38398466 |

**Insurance**
Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| Type | Premium for Initial Term | Initial Term | Signature |
|---|---|---|---|
| Credit Life | $ not offered | N/A | I want credit life insurance<br>______________<br>Signature |
| Credit Disability | $ not offered | N/A | I want credit disability insurance<br>______________<br>Signature |
| Credit Life and Disability | $ not offered | N/A | I want credit life and disability insurance<br>______________<br>Signature |

You may obtain property insurance from anyone you want that is acceptable to PMI Mortgage Insurance Co. If you get the insurance from PMI Mortgage Insurance Co., you will pay a premium of $__________ for the first ______ of coverage.

**Late Charges and Default Interest:** If a payment is late, you will not be charged a late fee. However, amounts due and unpaid will accrue interest at an effective annual rate according to the terms of the Note.

**Prepayment:** If you repay the loan in full before the maturity date, you will not have to pay a penalty. In fact, you may be able to satisfy your obligations by repaying only 85% of the unpaid principal balance.

See your contract documents for any additional information about nonpayment, default and the right to accelerate the maturity of your obligation, and prepayment discount.

| PMI | TRUTH IN LENDING DISCLOSURE | |
|---|---|---|
| PMI Mortgage Insurance Co.<br>3003 Oak Rd.<br>Walnut Creek, CA 94597<br>(800) 685-4764 | BORROWER(S): | CAREN D JORDAN,<br>JONATHAN JORDAN |
| | PMI Certificate Number: | 38398466 |

| Itemization of the Amount Financed of $ | | | |
|---|---|---|---|
| $ | | Amount distributed to you directly | |
| $ | | Amount credited to your account with PMI Mortgage Insurance Co. | |
| Amount paid to other persons by PMI Mortgage Insurance Co. on your behalf | | | |
| $ | | to | |
| $ | | to | |

| | | |
|---|---|---|
| Principal amount of loan | $15,000.00 | |
| Taxes assessed on loan transaction | $ ___0__ | |
| Subtotal | | $15,000.00 |
| | | |
| Amount paid to any public officer for official fees | $ 0 | |
| | | |
| Aggregate amount of premiums agreed to be paid for insurance policies included in loan transaction | $ ___0__ | |
| Cumulative Subtotal | | $15,000.00(Subtotal "A") |
| | | |
| Amount of borrower's downpayment | $ __N/A_ | |
| Value of trade-in property | $ __N/A_ | |
| Manufacturer's rebate | $ __N/A_ | |
| Prepaid finance charges (including insurance premiums) | $ __N/A_ | |
| Subtotal | | $ __0___ (Subtotal "B") |
| Amount Financed (Subtotal "A" less Subtotal "B") | | $15,000.00 |

Exhibit "B"

OMB Approval No. 2502-0265

# A. Settlement Statement (HUD-1)

B. Type of Loan

| 1. [X] FHA 2. [ ] RHS 3. [ ] CONV. UNINS. 4. [ ] VA 5. [ ] CONV. INS. | 6. File Number: 11-290 | 7. Loan Number: [redacted] | 8. Mortgage Insurance Case Number: |
|---|---|---|---|

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| [redacted] | Caren L. Jordan and Jonathan P. Jorden | Branch Banking and Trust Company, and/or Secretary of Housing and Urban Development 301 College Street Greenville, South Carolina 29601 |
| G. Property Location: 5362 Southwick Drive Tampa, Florida 33624 Hillsborough County, Florida | H. Settlement Agent: Yesner & Boss, P.L. 1819 Main Street, Suite 215 Sarasota, Florida 34236 941-362-0050 fax: 941-362-0059 | I. Settlement Date: November 10, 2011 |
| | Place of Settlement: Yesner & Boss, P.L. 9800 4th Street North Suite 402 St. Petersburg, Florida 33702 Phone: (727) 471-0039 | |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower: | | 400. Gross Amount Due To Seller: | |
| 101. Contract Sales Price | 95,000.00 | 401. Contract Sales Price | 95,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (line 1400) | 5,600.20 | 403. | |
| Adjustments for Items Paid by Seller in Advance: | | Adjustments for Items Paid by Seller in Advance: | |
| 106. City / Town Taxes | | 406. City / Town Taxes | |
| 107. County / Parish Taxes | | 407. County / Parish Taxes | |
| 108. Assessments | | 408. Assessments | |
| 120. Gross Amount Due from Borrower: | 100,600.20 | 420. Gross Amount Due to Seller: | 95,000.00 |
| 200. Amounts Paid by or in Behalf of Borrower: | | 500. Reductions in Amount Due to Seller: | |
| 201. Deposit or Earnest Money | | 501. Excess Deposit (see instructions) | |
| 202. Principal Amount of New Loan | 92,591.00 | 502. Settlement Charges to Seller (Line 1400) | 8,404.80 |
| 203. Existing Loan(s) taken subject to | | 503. Existing Loan(s) taken subject to | |
| 204. | | 504. Payoff of First Mortgage Loan to NationStar | 82,195.72 |
| 205. | | 505. Payoff of Second Mortgage Loan | |
| 206. | | 506. Purchase Money Mortgage | |
| Adjustments for Items Unpaid by Seller: | | Adjustments for Items Unpaid by Seller: | |
| 210. City / Town Taxes | | 510. City / Town Taxes | |
| 211. County / Parish Taxes Jan 1, 2011 thru Nov 9, 2011 | 1,003.23 | 511. County / Parish Taxes Jan 1, 2011 thru Nov 9, 2011 | 1,003.23 |
| 212. Assessments | | 512. Assessments | |
| 213. Seller is paying for Owners Policy | 546.25 | 513. Seller is paying for Owners Policy | 546.25 |
| 214. Seller Concession | 2,850.00 | 514. Seller Concession | 2,850.00 |
| 220. Total Paid by / for Borrower: | 96,990.48 | 520. Total Reductions in Amount Due Seller: | 95,000.00 |
| 300. Cash at Settlement from / to Borrower: | | 600. Cash at Settlement to / from Seller: | |
| 301. Gross Amount due from Borrower (line 120) | 100,600.20 | 601. Gross Amount due to Seller (line 420) | 95,000.00 |
| 302. Less Amount Paid by/for Borrower (line 220) | 96,990.48 | 602. Less Reductions Amount due Seller (line 520) | 95,000.00 |
| 303. Cash From Borrower: | $3,609.72 | 603. Cash From Seller: | $0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

Settlement Date: November 10, 2011 Loan Number: [redacted] File Number: 11-290

| L. Settlement Charges | | Paid from Borrower's Funds at Settlement | Paid from Seller's Funds at Settlement |
|---|---|---|---|
| **700. Total Sales / Broker's Commission: $5,700.00 Division of Commission (line 700) as follows** | | | |
| 701. 3,145.00 to Keller Williams | | | |
| 702. 2,555.00 to Bahia Realty Group | | | |
| 703. Commission Paid at Settlement | | | 5,700.00 |
| 704. Transaction Fee to Bahia Realty Group | | 290.00 | |
| **800. Items Payable in Connection with Loan:** | | | |
| 801. Our origination charge | (from GFE #1) $680.00 | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | (from GFE #2) $-462.96 | | |
| 803. Your adjusted origination charges | (from GFE #A) | 217.04 | |
| 804. Appraisal Fee to ISGN (poc $400.00 by Borrower) | (from GFE #3) | | |
| 805. Credit Report to Equifax Mortgage Solutions | (from GFE #3) | 18.00 | |
| 806. Tax Service | | | |
| 807. Flood Certification to CoreLogic | (from GFE #3) | 7.00 | |
| **900. Items Required by Lender to be Paid in Advance:** | | | |
| 901. Daily interest charge from Nov 10, 2011 to Dec 1, 2011 @ 9.5128 / day for 21 days | (from GFE #10) | 199.77 | |
| 902. Mortgage Insurance Premium to Life of Ln | (from GFE #3) | 916.75 | |
| 903. Homeowner's Insurance to Citizens (poc $882.00 by Borrower) | (from GFE #11) | | |
| **1000. Reserves Deposited with Lender:** | | | |
| 1001. Initial deposit for your escrow account to Branch Banking and Trust Company, and/or Secretary of Housing and Urban Developm | (from GFE #9) | 580.38 | |
| 1002. Homeowner's Insurance 3 months @ $73.50 per month to Branch Banking and Trust Company, and/or Secretary of Housing and Urban Developm | $220.50 | | |
| 1003. Mortgage Insurance @ $87.12 per month | | | |
| 1004. Property Taxes 3 months @ $119.96 per month to Branch Banking and Trust Company, and/or Secretary of Housing and Urban Developm | $359.88 | | |
| **1100. Title Charges:** | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | 682.13 | |
| 1102. Settlement or Closing Fee to Yesner & Boss, P.L. | $550.00 | | |
| 1103. Owner's Title Insurance (Old Republic National Title Insurance Company) to Yesner & Boss, P.L. | (from GFE #5) | 546.25 | |
| 1104. Lender's Title Insurance (Old Republic National Title Insurance Company) to Yesner & Boss, P.L. | | | |
| - Lender's Premium | $25.00 | | |
| - Endorsement 8.1 | $25.00 | | |
| - Endorsement FL Form 9 | $57.13 | | |
| - Endorsement 5.1 | $25.00 | | |
| 1105. Lender's Title Policy Limit $92,591.00 | | | |
| 1106. Owner's Title Policy Limit $95,000.00 | | | |
| 1107. Agent's Portion of the Total Title Insurance Premium | $474.86 | | |
| 1108. Underwriter's Portion of the Total Title Insurance Premium | $203.52 | | |
| 1109. Search Fee | | | |
| 1110. Short Sale Foreclosure Attorney counseling fees per the FDCPA and Florida Statue Sec 501.1377 to Yesner & Boss, P.L. | | | 2,039.80 |
| **1200. Government Recording and Transfer Charges:** | | | |
| 1201. Government Recording Charges | (from GFE #7) | 130.50 | |
| 1202. Deed $18.50 Mortgage $112.00 Releases $0.00 | | | |
| 1203. Transfer Taxes | (from GFE #8) | 509.28 | |
| 1204. City/County tax/stamps Deed $0.00 Mortgage $0.00 | | | |
| 1205. State tax/stamps Deed $665.00 Mortgage $324.10 | | | 665.00 |
| 1206. Intangible Tax to Clerk of the Circuit Court | $185.18 | | |
| 1207. Other Tax 2 | | | |
| **1300. Additional Settlement Charges:** | | | |
| 1301. Required services that you can shop for | (from GFE #6) | 380.00 | |
| 1302. Survey to Exacta Land Surveyors | $295.00 | | |
| 1303. Pest Inspection | | | |
| 1304. Home Inspection | | | |
| 1305. HOA Estoppel | | | |
| 1306. 2010 Real Estate Taxes to County (poc $1,381.95 by Seller) | | | |

Settlement Date: November 10, 2011 Loan Number: [redacted] File Number: 11-290

| L. Settlement Charges | | Paid from Borrower's Funds at Settlement | Paid from Seller's Funds at Settlement |
|---|---|---|---|
| **1300. Additional Settlement Charges: (continued)** | | | |
| 1307. HOA Dues | | | |
| 1308. Closing Fee pd by attorney to Yesner & Boss, P.L. (poc $1,200.00) | | | |
| 1309. 2011 County Taxes to Hillsborough County Tax Collector | | 1,123.10 | |
| 1310. Tax Service Fee to Branch Banking and Trust Company, and/or Secretary of Housing and Urban Developm | $85.00 | | |
| **1400. Total Settlement Charges (Enter on line 103, Section J and line 502, Section K)** | | $5,600.20 | $8,404.80 |

Settlement Date: November 10, 2011 Loan Number: [redacted] File Number: 11-290

## Comparison of Good Faith Estimate (GFE) and HUD Charges

| Charges That Cannot Increase | HUD Line No. | Good Faith Estimate | HUD |
|---|---|---|---|
| Our origination charge | # 801 | 680.00 | 680.00 |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | -462.96 | -462.96 |
| Your adjusted origination charges | # 803 | 217.04 | 217.04 |
| Transfer taxes | #1203 | 1,200.18 | 509.28 |

| Charges That in Total Cannot Increase More Than 10% | HUD Line No. | Good Faith Estimate | HUD |
|---|---|---|---|
| Government Recording Charges | #1201 | 220.00 | 130.50 |
| Appraisal Fee | # 804 | 400.00 | 400.00 |
| Credit Report | # 805 | 18.00 | 18.00 |
| Flood Certification | # 807 | 7.00 | 7.00 |
| Mortgage Insurance Premium | # 902 | 916.75 | 916.75 |
| Title services and lender's title insurance | #1101 | 1,325.00 | 682.13 |
| Owner's Title Insurance | #1103 | 0.00 | 546.25 |
| Survey | #1302 | 300.00 | 295.00 |
| Tax Service Fee | #1310 | 85.00 | 85.00 |
| | Total | 3,271.75 | 3,080.63 |
| | Increase between GFE and HUD Charges | -191.12 | -5.84% |

| Charges That Can Change | HUD Line No. | Good Faith Estimate | HUD |
|---|---|---|---|
| Initial deposit for your escrow account | #1001 | 810.00 | 580.38 |
| Daily interest charge from Nov 10, 2011 to Dec 1, 2011 @ 9.5128 / day for 21 days | # 901 | 199.77 | 199.77 |
| Homeowner's Insurance | # 903 | 1,800.00 | 882.00 |

Loan Terms

| | |
|---|---|
| Your initial loan amount is | $92,591.00 |
| Your loan term is | 30 years |
| Your initial interest rate is | 3.75 % |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | $515.92 includes<br>[ X ] Principal<br>[ X ] Interest<br>[ X ] Mortgage Insurance |
| Can your interest rate rise? | [ X ] No. [ ] Yes, it can rise to a maximum of _____%. The first change will be on __________ and can change again every __________ after __________. Every change date, your interest rate can increase or decrease by _____%. Over the life of the loan, your interest rate is guaranteed to never be LOWER than _____% or HIGHER than _____%. |
| Even if you make payments on time, can your loan balance rise? | [ X ] No. [ ] Yes, it can rise to a maximum of $__________. |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | [ X ] No. [ ] Yes, the first increase can be on __________ and the monthly amount owed can rise to $__________.<br>The maximum it can ever rise to is $__________. |
| Does your loan have a prepayment penalty? | [ X ] No. [ ] Yes, your maximum prepayment penalty is $__________. |
| Does your loan have a balloon payment? | [ X ] No. [ ] Yes, you have a balloon payment of $__________ due in _____ years on __________. |
| Total monthly amount owed including escrow account payments | [ ] You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>[ X ] You have an additional monthly escrow payment of $193.46 that results in a total initial monthly amount owed of $709.38. This includes principal, interest, any mortgage insurance and any items checked below:<br>[ X ] Property taxes [ ]<br>[ ] Flood insurance [ ]<br>[ X ] Homeowner's insurance [ ] |

Note: If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

Settlement Date: November 10, 2011          Loan Number: ████████          File Number: 11-290

**Buyers**

| | | |
|---|---|---|
| ██████████ | | |

**Sellers**

| Caren L. Jordan | Jonathan P. Jordan | |
|---|---|---|

**Property Addresses**

| 5352 Southwick Drive | | |
|---|---|---|
| Tampa, Florida  33624 | | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of HUD-1 Settlement Statement.

Borrower: ████████████                        Seller: _Caren J Jordan_ (signature)
                                                      Caren L. Jordan

_5352 Southwick Dr_
Address _Tampa FL 33624_                        Seller: (signature)
                                                      Jonathan P. Jordan

                                                      Address

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction.  I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: (signature)                        Date:   November 10, 2011

WARNING:  It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment.  For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Exhibit."C"

0284 065 0102

**QuickenLoans**

Page 1 of 1

Quicken Loans Inc.
1050 Woodward Ave
Detroit, MI 48226-1906
(800) 863-4332, Option 8
Company NMLS#: 3030

Date: March 5, 2015
Loan Number: [redacted]

Caren Jordan
25422 Seven Rivers Cir
Land O Lakes, FL 34639-5592

Dear Jonathan Jordan and Caren Jordan,

Thank you for giving Quicken Loans Inc. the opportunity to help with your home loan. Unfortunately, we are unable to offer you financing at this time. We made every effort to help you with your unique financial situation, and wanted to remind you of the reasons why we are currently unable to help you with your loan:

* Collateral: Does not meet seasoning requirements

You should have already had a conversation with your Mortgage Banker about our inability to provide you with financing at this time. However, if this is the first you've heard about this or if you have any additional questions or concerns, please contact our Client Relations team at (800) 863-4332, Option 8 between 8:30AM to 9:00PM ET Monday-Friday and 10:00AM to 4:00PM ET Saturday or email us at help@quickenloans.com.

Thank you again for giving us the chance to help with your financing. We're sorry we couldn't help you this time. We'll keep in touch with you and when you're ready to look at home financing options again, we hope that you'll give us the same opportunity to earn your business and your trust.

Sincerely,

Andrew Phillips - NMLS#: 66435
Pres Club Power Banker
Phone: (800)226-6308 Ext. 31516
Fax: (877)382-3044 Email: AndrewPhillips@quickenloans.com

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is: Federal Trade Commission - Equal Credit Opportunity, Washington, D.C. 20580.

3065997808

Exhibit "D"

# Merged Credit Report

*Reporting Agency*
CredStar
P.O. Box 509124

San Diego, CA 92150
Phone: (800)767-8569
Fax: (800)300-9804

*Lender*
Quicken Loans Inc
1050 Woodward Avenue
DETROIT, MI, 48226

| CHARGES | |
|---|---|
| Price | 13.07 |
| Extras | 0.00 |
| Total | 13.07 |

Credit report: REQ175550602
Bureau(s): Equifax, Experian, TransUnion

Client loan # [redacted]
Requested: 2015-02-18 (14:44:00)

## Applicant Information

*Client #1*
JONATHAN JORDAN
25422 SEVEN RIVERS CIR
LAND O LAKES, FL 34639
SS# [redacted] 3701

*Client #2*
CAREN JORDAN
25422 SEVEN RIVERS CIR
LAND O LAKES, FL 34639
SS# [redacted] 0985

## *Score Information*

B Experian: Fair Isaac Score: 733
39: Serious delinquency
14: Length of time accounts have been established
02: Level of delinquency on accounts
08: Too many inquiries last 12 months

B TransUnion: Score: 720
39: Serious delinquency, and public record or collection filed
13: Time since delinquency is too recent or unknown
14: Length of time accounts have been established
08: Too many inquiries last 12 months

B Equifax: Score: 720
39: Serious delinquency
14: Length of time accounts have been established
13: Time since delinquency is too recent or unknown
08: Too many inquiries last 12 months

C Experian: Fair Isaac Score: 736
39: Serious delinquency
14: Length of time accounts have been established
02: Level of delinquency on accounts
33: Proportion of loan balances to loan amounts is too high

C TransUnion: Score: 720
39: Serious delinquency, and public record or collection filed
13: Time since delinquency is too recent or unknown
14: Length of time accounts have been established
08: Too many inquiries last 12 months

C Equifax: Score: 722
39: Serious delinquency
14: Length of time accounts have been established
13: Time since delinquency is too recent or unknown
0:

## *Fraud Check Information - Check general comments section below*

| | |
|---|---|
| Borrower: | - FACTA: Address Discrepancy - Former address: Reported via A/R tape, but different from inquiry. |
| Borrower: | - FACTA: Address Discrepancy - Previous former address: Reported via A/R tape, but different from inquiry. |
| CoBorrower: | - FACTA: Address Discrepancy - Former address: Reported via A/R tape, but different from inquiry. |
| CoBorrower: | - FACTA: Address Discrepancy - Previous former address: Reported via A/R tape, but different from inquiry. |
| Borrower: TransUnionHighRiskFraudAlert | - Clear for all searches performed. |
| Borrower: | - FACTA: Risk Score Value - Inquiries did impact the credit score and, for models that indicate it, no derogatory info was found on the file. |
| CoBorrower: TransUnionHighRiskFraudAlert | - Clear for all searches performed. |
| CoBorrower: | - FACTA: Risk Score Value - Inquiries did impact the credit score and, for models that indicate it, no derogatory info was found on the file. |

## *Public Record Items*

No public records for Bankruptcies, Judgments, or Federal Tax Liens were found

## Credit History
*Accounts With Balances*

| ECOA | CREDIT GRANTOR / ACCOUNT NUMBER / REMARKS / REPOSITORY | DATE REPORTED / DATE LAST DELINQUENT | DATE LAST ACTIVITY / DATE OPENED | HIGHEST CREDIT (OR LIMIT) | PRESENT STATUS: BALANCE OWING | PRESENT STATUS: PAYMENT AMOUNT | PRESENT STATUS: AMT PAST DUE | ACCOUNT TYPE / DURATION | HISTORICAL STATUS: MO's REVD | TIMES PAST DUE: 30-59 DAYS | TIMES PAST DUE: 60-89 DAYS | TIMES PAST DUE: 90+ OVER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| C-1 | [redacted] | | | | | | | | | | | |

| ECOA | |
|---|---|
| J-2 | |
| B-1 | |
| B-1 | |
| C-1 | |
| C-1 | |
| B-1 | |

**Credit History**
***All Other Accounts***

| ECOA | CREDIT GRANTOR / ACCOUNT NUMBER / REMARKS / REPOSITORY | DATE REPORTED / DATE LAST DELINQUENT | DATE LAST ACTIVITY / DATE OPENED | HIGHEST CREDIT (OR LIMIT) | PRESENT STATUS | | | ACCOUNT TYPE / DURATION | HISTORICAL STATUS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | BALANCE OWING | PAYMENT AMOUNT | AMT PAST DUE | | MO's REVD | TIMES PAST DUE | | |
| | | | | | | | | | | 30-59 DAYS | 60-89 DAYS | 90+ OVER |
| C-1 | | | | | | | | | | | | |
| C-1 | | | | | | | | | | | | |
| C-1 | | | | | | | | | | | | |
| B-1 | | | | | | | | | | | | |

Credit Report Page 3 of 10

C-1

J-2

B-1

J-2

B-1

C-1

J-2

C-1

B-1

C-1

C-1

6/2/2015

Credit Report Page 4 of 10

C-1

J-2

J-2

B-1

C-1

J-2

J-2

J-2

C-1

C-1

J-2

6/2/2015

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| B-1 | | | | | | | | | | | | |
| B-1 | | | | | | | | | | | | |
| J-2 | NATIONSTAR<br>596722956<br>FANNIE MAE ACCOUNT<br>SETTLEMENT ACCEPTED ON THIS ACCOUNT<br>ACCOUNT WAS DELINQUENT<br>Closed<br>PAID<br>RealEstateSpecificTypeUnknown<br>Closed<br>Equifax, TransUnion | 2013-12<br>2011-10 | 2011-11-14<br>2010-09 | 220000 | 0 | | 0 | Real Estate<br>360 Months | 35 | 1 | 1 | 2 |
| J-2 | NATIONSTAR MORTGAGE LL<br>596722956<br>PREVIOUSLY IN FORECLOSURE<br>Closed<br>PAID<br>ConventionalRealEstateMortgage<br>Closed<br>Experian | 2011-11-30<br>2011-10 | 2011-11-14<br>2006-07-07 | 220000 | 0 | | 0 | Real Estate<br>360 Months | 11 | 1 | 1 | 1 |
| B-1 | | | | | | | | | | | | |
| C-1 | | | | | | | | | | | | |
| C-1 | | | | | | | | | | | | |
| C-1 | | | | | | | | | | | | |
| C-1 | | | | | | | | | | | | |



J-2

C-1

C-1

J-2

## ACCOUNT SUMMARY

| TYPE OF ACCOUNT | ACCOUNT TOTALS | | | ADVERSE INFORMATION | | | |
|---|---|---|---|---|---|---|---|
| | *Number* | *$ Balance* | *$ Payment* | *30-59* | *60-89* | *90+* | *$ Past Due* |
| *Revolving* | *43* | *$ 1561* | *$ 372* | *0* | *0* | *0* | *0* |
| *Real Estate* | *3* | *$ 0* | *$ 1893* | *2* | *2* | *3* | *0* |
| *Installment* | *11* | *$ 14853* | *$ 1253* | *0* | *0* | *0* | *0* |
| *Other* | *0* | *$ 0* | *$ 0* | *0* | *0* | *0* | *0* |
| *TOTAL* | *57* | *16414* | *3518* | *2* | *2* | *3* | *0* |

**Credit History**
***Adverse Summary***

| ECOA | CREDIT GRANTOR / ACCOUNT NUMBER / REMARKS / REPOSITORY | DATE REPORTED / DATE LAST DELINQUENT | DATE LAST ACTIVITY / DATE OPENED | HIGHEST CREDIT (OR LIMIT) | *PRESENT STATUS* BALANCE OWING | PAYMENT AMOUNT | AMT PAST DUE | ACCOUNT TYPE / DURATION | *HISTORICAL STATUS* MO's REVD | *TIMES PAST DUE* 30-59 DAYS | 60-89 DAYS | 90+ OVER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| J-2 | NATIONSTAR<br>596722956<br>FANNIE MAE ACCOUNT<br>SETTLEMENT ACCEPTED ON THIS ACCOUNT<br>ACCOUNT WAS DELINQUENT<br>Closed<br>PAID<br>RealEstateSpecificTypeUnknown<br>Closed<br>FANNIE MAE ACCOUNT | 2013-12 | 2011-11-14<br>2010-09 | 220000 | 0 | | 0 | Real Estate<br>360 Months | 35 | 1<br>2011-07 | 1<br>2011-08 | 2<br>2011-09 |
| J-2 | NATIONSTAR MORTGAGE LL<br>596722956<br>PREVIOUSLY IN FORECLOSURE<br>Closed<br>PAID | 2011-11-30 | 2011-11-14<br>2006-07-07 | 220000 | 0 | | 0 | Real Estate<br>360 Months | 11 | 1<br>2011-07 | 1<br>2011-08 | 1<br>2011-09 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ConventionalRealEstateMortgage<br>Closed<br><br>PREVIOUSLY IN FORECLOSURE | | | | | | | | | |
| 2 ACCOUNTS | $0 | $0 | $0 | | | 2 | 2 | 3 | |

***Credit Report Was Accessed Within The Last 360 Days***

***General Comment Section***

JONATHAN JORDAN (▇▇▇3701)*** OFAC/NS-PLC Clear! EFX:No substantial address difference occurred. TUC:Inquiries did impact the credit score and, for models that indicate it, no derogatory info was found on the file XPN:Previous Former Address reported via A/R tape, but different from inquiry. XPN:Former Address reported via A/R tape, but different from inquiry. XPN:Current Address reported via A/R tape.

CAREN JORDAN ▇▇▇-0985)*** OFAC/NS-PLC Clear! EFX:No substantial address difference occurred. TUC:Inquiries did impact the credit score and, for models that indicate it, no derogatory info was found on the file XPN:Previous Former Address reported via A/R tape, but different from inquiry. XPN:Former Address reported via A/R tape, but different from inquiry. XPN:Current Address reported via A/R tape.

***Creditor Information Section***

## GLOSSARY

**ECOA Coding**

0: (ECOA Undesignated) Account
1: Individual Account for Individual Use
2: Joint Account with Contractual Liability
3: Authorized User Account
4: Joint Authorized User or Contractual Liability on Account
5: Co-maker on Account
6: Signed Application on Behalf of Another on Account
7: Maker on Account
8: Account in Name of a Coborrower
9: Association with Account Terminated

**ECOA Prefix Coding**

B: Information is Associated with Borrower
C: Information is Associated with Co-Borrower
J: Information is Joint between Borrower and Co-Borrower

**90 Day Deliquency Superscript Coding**

WEP: Making Regular Payments or Wage Earner Plan
FOR: Derogatory, Repossession, Foreclosure
COL: Derogatory, Collection, Charge Off, Claim
AAD: As Agreed
NEW: Too New

**Source Repository Types**

MergedData : Information for tradeline was blended from multiple repositories.

***Identification Variance(s) on In-File***

**Credit Bureau Contacts**

| Equifax | Experian | TransUnion |
|---|---|---|
| P.O. Box 105873 | P.O. Box 2002 | 2 Baldwin Place, P.O. Box 1000 |
| Atlanta, GA 30348 | Allen, TX 75013 | Chester, PA 19022 |
| Phone: 800-685-1111 | Phone: 888-397-3742 | Phone: 800-888-4213 |
| Other: www.equifax.com | Other: www.experian.com | Other: www.transunion.com |

**DISCLOSURE**

This report contains information supplied by the repositories named above. Its contents have not been verified and may contain duplicate information. While this report is being used for some real estate lending purposes, it is not a Residential Mortgage Credit Report as defined by FNMA, FHLMC, and FHA/VA guidelines. This report is intended only for the use of the individual or entity to which it is addressed. This report may contain legally privileged and/or confidential information. Any unauthorized use, disclosure, reproduction, or distribution is prohibited. If you are not the intended recipient, please delete/destroy the original and any copies.

QL Version: 1.8

Exhibit "E"

April 16, 2015

To Whom it May Concern:

As my wife and I recently began the prequalification process for purchasing a new home, we were informed that Nationstar is reporting to at least one of the credit bureaus that foreclosure proceedings were initiated on our previous home some time in late 2011. We were never served any notice of foreclosure proceedings and sold that home in October, 2011, so I am confident that this is in error. It is my understanding from speaking with the loan officer that it is common for these things to be improperly coded and in turn, improperly reported, and that my course of action would be to contact Nationstar and ask that this be rectified.

The property address in question is as follows:

5352 Southwick Drive

Tampa, FL 33624

I am also including the relevant portion of our credit report for your review.

Please contact me if I need to provide any further information.

Thank You,

Jonathan P. Jordan

25422 Seven Rivers Circle

Land O' Lakes, FL 34639

(813) 476-5070

jjordan79@verizon.net

Exhibit "F"

P.O. Box 612488
Dallas, TX 75261-2488

May 14, 2015

Caren L Jordan
Jonathan P Jordan
25422 Seven Rivers Cir
Land O Lakes, FL 34639

RE: Research Reference #RR-249611

Dear Caren and Jonathan Jordan:

In response to your recent inquiry regarding your loan number XXXXXX2956, Nationstar Mortgage has reviewed the account and has determined that a credit correction was not necessary at this time for the following reason(s):

Nationstar Mortgage is required to report accurate credit information to the credit reporting agencies. Our records indicate that this account was referred to foreclosure in October 2011. The reporting of foreclosure proceedings started would be reporting correctly. If you have documentation that substantiates that any of the information reported by Nationstar on the credit report is incorrect, please provide the detailed information for review.

Nationstar Mortgage reports credit information to the following credit reporting agencies:

| Experian | TransUnion | Equifax | Innovis |
|---|---|---|---|
| 888-397-3742 | 800-916-8800 | 800-685-5000 | 800-540-2505 |

Should you have any additional questions regarding your account or to view details about your loan summary and recent account activity, visit us online at www.MyNationstar.com. To get started, click 'Register' and see how easy it is to manage your mortgage online. You will have immediate access to:

- Frequently asked questions
- A full payment history
- Escrow information
- Automatic payment enrollment
- Mortgage Loan, Escrow Account Disclosure and Tax and Interest Statements

As a valued borrower, your satisfaction is our top priority. If we can be of further assistance, you can contact us directly at research.department@nationstarmail.com or you can call our Customer Service Department at 1-888-480-2432.

Sincerely,

Kaitlyn Leet
Research and Response Department
Nationstar Mortgage LLC

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.*

CRE002

EQUAL HOUSING OPPORTUNITY